IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PRESCOTT, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF KAMERON PRESCOTT, DECEASED; RUBI PRESCOTT, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF KAMERON PRESCOTT, DECEASED; AND ESTATE OF KAMERON PRESCOTT, DECEASED, <br><br> *Plaintiffs*, <br><br> vs. <br><br> GEORGE HERRERA, JESSE ARIAS, JOHNNY LONGORIA, BEXAR COUNTY, JAVIER SALAZAR, INDIVIDUALLY AND AS THE BEXAR COUNTY SHERIFF; JOHN AGUILLON, NELSON WOLFF, COUNTY JUDGE; AND JOE GONZALES, <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § | 5-19-CV-01392-JKP-RBF |

## **SCHEDULING ORDER**

The disposition of this case will be controlled by the following order. In accordance with Federal Rule of Civil Procedure 6(a), if a deadline set in this order falls on a weekend or a holiday, the effective day will be the next business day.

1. Parties shall make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **April 30, 2020**. To the extent a defendant knows the identity of a responsible third party contemplated by Texas Civil Practices & Remedies Code § 33.004, such identity is subject to disclosure under Rule 26(a)(1)(A)(i).

2. The parties shall file a report on alternative dispute resolution in compliance with Local Rule CV-88(b) on or before **May 29, 2020**.

3. Parties asserting claims for relief may submit a written offer of settlement to opposing parties on or before **June 30, 2020**, and each opposing party may respond, in writing on or before **July 14, 2020**. All offers of settlement are to be private, not filed. The parties shall retain any written offers of settlement and response, as the Court will use these in assessing attorneys'

fees and costs at the conclusion of the proceedings. At any time, if any parties reach a settlement, they should immediately notify the Court by filing a joint advisory. The joint advisory shall state the parties who reached the settlement and whether a settlement conference is required or desired. If a hearing is requested, the parties shall confer and provide mutually agreeable potential dates for the hearing.

4. On or before **September 30, 2020**, the parties shall file any motion seeking leave to amend pleadings or join parties. To the extent it may apply in this case, the deadline for Defendant(s) to file a motion to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a), is **September 30, 2020**.

5. Parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before **February 26, 2021**.

6. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before **March 29, 2021**.

7. Parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fourteen days of receipt of the report of the opposing expert.

8. The deadline to file supplemental expert reports required under Federal Rule of Civil Procedure 26(e)(2) is at least 30 days before trial. The parties are advised any report filed under this deadline may only supplement the initial report and may not introduce new opinion or subject matter. This deadline is not intended to provide an extension of the deadline by which a party must deliver the substance of its expert information or opinion.

9. Parties shall initiate all discovery procedures in time to complete discovery on or before **May 31, 2021**. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the expiration of the deadline. *See* Local Rule CV-16(d). Counsel may by agreement continue discovery beyond the deadline. The parties are advised that should they agree to extend discovery beyond the deadline, there will be no intervention by the Court except in exceptional circumstances. No trial setting or other deadline set forth herein will be vacated due to information obtained in post-deadline discovery. *See* Local Rule CV-7(d).

10. Counsel shall confer and file a joint report setting forth the status of settlement negotiations on or before **June 15, 2021**.

2

11. On or before **June 15, 2021**, the parties shall file any *Daubert* motions and challenge to or motion to exclude expert witnesses. Any such motion must specifically state the basis for the objection and identify the objectionable testimony.

12. On or before **July 15, 2021**, parties shall file any dispositive motions, including motions for summary judgment on all or some of the claims. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after this date except for good cause.

13. The Court will set dates for trial and the final pretrial conference after ruling on any dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, the Court will also set appropriate deadlines for trial and pretrial conference matters.

14. If at any time during the pendency of this lawsuit, you would like to consent to the trial of your case by a United States Magistrate Judge, please indicate your consent on the attached form or request a form through the Clerk's Office. If all parties consent to trial of this case by a United States Magistrate Judge, the District Court may enter an order referring the case to a United States Magistrate Judge for trial and entry of judgment.

**IT IS SO ORDERED.**

SIGNED this 15th day of July, 2020.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PRESCOTT, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF KAMERON PRESCOTT, DECEASED; RUBI PRESCOTT, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF KAMERON PRESCOTT, DECEASED; AND ESTATE OF KAMERON PRESCOTT, DECEASED, | § § § § § § § § § § § | 5-19-CV-01392-JKP-RBF |
| *Plaintiffs*, | § § | |
| vs. | § § | |
| GEORGE HERRERA, JESSE ARIAS, JOHNNY LONGORIA, BEXAR COUNTY, JAVIER SALAZAR, INDIVIDUALLY AND AS THE BEXAR COUNTY SHERIFF; JOHN AGUILLON, NELSON WOLFF, COUNTY JUDGE; AND JOE GONZALES, | § § § § § § § § | |
| *Defendants*. | § | |

## CONSENT TO PROCEED TO TRIAL BEFORE
## A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c), the parties to the above-captioned civil matter hereby waive their rights to proceed before a judge of the United States District Court and consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including the trial, and order the entry of judgment. Any appeal shall be taken to the United States Court of Appeals for this judicial circuit, in accordance with 28 U.S.C. § 636(c)(3).

_____    By:_____
Party                                                          Attorney

_____    By:_____
Party                                                          Attorney

_____    By:_____
Party                                                          Attorney

APPROVED this the _____ day of _____, 20\_\_.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE